

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN CORNELIA WILHITE,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | 1:11-CV-1692 AWI JLT<br><br>ORDER FOR CLERK TO FILE IMPROPERLY PRESENTED MOTION AND ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE |

This case was removed from the Kern County Superior Court on October 11, 2011. On January 30, 2012, the Court granted in part and denied in part Defendants' motions to dismiss. On March 5 and 6, 2012, the Defendants moved for dismissal for lack of prosecution. The Court vacated the noticed April 23, 2012, hearing date and instead ordered Plaintiff to file a response to Defendants' motion.[1]

On March 9, 2012, Plaintiff sent an e-mail to the undersigned and to his legal assistant. The e-mail is a motion to disqualify Magistrate Judge Jennifer Thurston from this case. The basis of the motion is largely that the Magistrate Judge has vacated and moved various hearing dates, which Plaintiff believes will/has prejudiced her. Plaintiff also contends that her case is too complicated for Magistrate Judge Thurston, and that Magistrate Judge Thurston appears to have emotional, social, or chemical imbalances/disorders.

---

[1] Plaintiff is to file her response by 10:00 a.m. on March 19, 2012, and Defendants are to file a reply on March 26, 2012. Currently there is no hearing date set for Defendants' motions to dismiss for lack of prosecution.

Plaintiff's motion is improper. E-mailing or faxing to a chambers or an individual judge a motion does not constitute filing. Technically, because Plaintiff's motion was e-mailed to the undersigned's chambers and not delivered to the clerk's office, it has not been filed. See Local Rule 101. Further, Local Rule 133(e)(4) reads: "This Rule does not provide for documents to be transmitted via fax diretly to the Clerk's Office. Documents directly faxed to the Clerk or to a chambers of the Court will not be filed, lodged, received, returned, or acknowledged, absent an express order of the Court." Although Local Rule 133(e)(4) discusses faxes, the same rationale would apply to e-mails that are sent directly to chambers. Plaintiff is hereby warned that it is an unacceptable practice to attempt to file a document by e-mailing that document to any chambers in this district. Further, Plaintiff shall not e-mail correspondences, motions, requests, or pleadings directly to the undersigned or to any law clerk or legal assistant of the undersigned's chambers. Since Plaintiff is proceeding pro se, the Court will order the Clerk to file the e-mailed motion on this one occasion. Any additional motion, pleading, or request that is e-mailed directly to the undersigned or to chambers will not be ordered filed.

Additionally, it is not clear that Plaintiff is necessarily knowledgeable about the Local Rules. The Local Rules apply to every litigant who appears in the Eastern District of California, be they represented by counsel or appear pro se. See Local Rule 183(a). Plaintiff is expected to follow the Local Rules. A copy of the Local Rules may be obtained from the Clerk's Office or at the Eastern District of California website at: www.caed.uscourts.gov.

With respect to the substance of Plaintiff's motion, there is no ground presented for the disqualification of Magistrate Judge Thurston. Many matters may be resolved on the basis of the filed papers alone, and the Local Rules expressly provide for motions to be taken under submission without a hearing. See Local Rule 230(h). Further, courts and judges have the inherent authority to manage their schedules and their dockets. There are thousands of cases pending in the Fresno Division of the Eastern District of California, and it is not uncommon for motions, hearings, and other matters to be rescheduled or resolved on the papers alone. Additionally, Plaintiff's personal opinion about the competence of Magistrate Judge Thurston's ability is utterly baseless and frivolous. Plaintiff's motion for disqualification will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall FILE Plaintiff's Motion To Disqualify Judge And To Assign Action To Another Judge;
2. Plaintiff's motion to disqualify is DENIED;
3. Plaintiff shall cease e-mailing the undersigned or the undersigned's law clerks or the undersigned's legal assistant motions, requests, pleadings, or correspondences, but shall instead follow the Local Rules and the procedures contained therein.

IT IS SO ORDERED.

DATED: 3-12-12

Chief United States District Judge