IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN CORNELIA WILHITE,<br><br>　　　　Plaintiffs,<br>　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　Defendants. | 1:11-CV-1692  AWI JLT<br><br>ORDER ON DEFENDANTS'<br>RESPECTIVE RULE 41(b)<br>MOTIONS TO DISMISS and<br>ORDER ON COUNTY<br>DEFENDANTS' RULE 4(m)<br>MOTION TO DISMISS<br><br>(Doc. Nos. 55, 56) |

　　　On January 30, 2012, the Court granted various Rule 12(b) motions and dismissed all but one claim against one Defendant (a Fourth Amendment claim against Deputy Maxwell). See Doc. No. 52.  Some of the claims and some of the Defendants were dismissed without leave to amend, while others were not.  See id.  The Court gave Plaintiff thirty (30) days in which to file an amended complaint that was consistent with the analysis of the Court's order.  See id. Plaintiff did not file an amended complaint.

　　　On March 5 and 6, 2012, the "Bakersfield Defendants" and the "County Defendants" each filed a motion to dismiss for lack of prosecution/failure to obey a court order under Rule 41(b).  Also, the County Defendants moved to dismiss Deputies Maxwell and Singa under Rule 4(m).

　　　On March 7, 2012, the Court vacated the hearing date set for these motions, and instead ordered Plaintiff to file a response to the Defendants' respective motions by 10:00 a.m. on March

19, 2012.  See Doc. No. 58.  The Court ordered the Defendants to file a reply by 10:00 a.m. on March 26, 2012.  See id.  Importantly, the Court also stated: "If Plaintiff does not file a response by 10:00 a.m. on March 19, 2012, the Court will issue an order without further notice that resolves Defendants' respective motions and that will dismiss the appropriate Defendants from this case." Id.

Plaintiff did not filed a response as directed.

*Rule 41 Motions*

Rule 41 in pertinent part reads: "If the plaintiff fails to prosecute or to comply withe these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b).  In considering whether to dismiss a case under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999); Ferdick v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  Dismissal of a case may be appropriate under Rule 41(b) where a plaintiff fails to amend a complaint within the time set by a court in a Rule 12(b) order.  See Yourish, 191 F.3d at 987 (9th Cir. 1999); Ferdick, 963 F.2d at 1260-61; Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420, 726 F.2d 525, 528 (9th Cir. 1984).

Here, in ruling on Defendants' Rule 12(b) motions, the Court explained the deficiencies of the complaint.[1]  The Court instructed Plaintiff that she could file an amended complaint that conformed to the analysis of the order within 30 days.  She did not do so, which prompted Defendants to file these motions.  The Court also ordered Plaintiff to file a response to the current dismissals, but she did not do so.  Thus, she is in violation of the March 7, 2012, order, and in violation of the time frame set for filing an amended complaint in the January 30 order.

Considering the factors in *Ferdick*, and especially Plaintiff's failure to file a response to the current motions as ordered, the Court must conclude that dismissal is appropriate.  This Court

---

[1] This case had been removed from the Kern County Superior Court, and the complaint that was removed to this Court was the Third Amended Complaint.

has an extraordinarily congested docket, the matter began in state court in 2010 and has involved four different deficient complaints, there is only one viable claim alleged against one Defendant, there is no utility in making the other Defendants wait until a new complaint is filed at an unknown date and time, the failure of Plaintiff to respond or offer a reason for failing to file an amended complaint indicates prejudice to Defendants, and the Court is unaware of a less drastic alternative than dismissal.  See Yourish, 191 F.3d at 990-92.  Plaintiff was given a sufficient time in which to file an amended complaint, and later was warned expressly of the consequences of failing to file a response to the pending motions.  Because Plaintiff did not file an amended complaint and did not respond to the dismissal motions as ordered, dismissal of all remaining Defendants, except for Deputy Maxwell, under Rule 41(b) is appropriate.  See Fed. R. Civ. Pro. 41(b); Yourish, 191 F.3d at 987; Ferdick, 963 F.2d at 1260-61; Toyota Landscape, 726 F.2d at 528.

*Rule 4(m)*

Rule 4 in pertinent part provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m).  "In the case of a removed action, the 120 day period to serve process runs from the date of removal to federal court, it does not run from the date that the action was filed in state court." Mays v. United States Bank Nat'l Assn., 2010 U.S. Dist. LEXIS 3966, *30-*31 (E.D. Cal. Jan. 20, 2010); Cowen v. American Med. Sys., 411 F.Supp.2d 717, 721 (E.D. Mich. 2006).

In this case, the Third Amended Complaint ("TAC") was filed in state court on September 12, 2011.  See Doc. No. 2-1.  An Attachment to the TAC identifies Deputy Maxwell as Doe 5, and the Fourteenth Cause of Action in the TAC expressly names Deputy Maxwell.  See TAC ¶ 156.  The TAC was removed to this Court on October 11, 2011.  See  Doc. No. 1.  Accordingly, Plaintiff had 120 days from October 11, 2011, in which to serve Deputy Maxwell.  See Cowen, 411 F.Supp.2d at 721.

In the Court's order on the Defendants' Rule 12(b) motions, the Court directed the Clerk

to add Deputy Maxwell as a Defendant and instructed Plaintiff to serve Deputy Maxwell with process "as soon as possible and consistent with the 120 day limitations period contained in [Rule] 4(m)." Doc. No. 52.  Strictly speaking, Wilhite would had until February 8, 2012, in which to serve Deputy Maxwell.  However, the operation of Rule 4(m) in the context of removal would not have necessarily been clear to Plaintiff, and the Court's order did not give Plaintiff a definite date.  Furthermore, in ordering service to be accomplished pursuant to Rule 4(m), adequate consideration was not given to the October 11, 2011, removal date, which would have given Plaintiff only about 10 days in which to serve Deputy Maxwell.

Under these circumstances, the Court will grant Plaintiff additional time in which to serve Deputy Maxwell.  However, because Deputy Maxwell was identified and named in the TAC, and the TAC was filed in September 2011, a substantial extension of time is not warranted.  Instead, the Court will give Plaintiff until April 20, 2012, in which to serve Deputy Maxwell and file a notice of service of summons with the Clerk.  If Plaintiff does not file a notice of service of summons by April 20, 2012, Deputy Maxwell will be dismissed from this case, and this case will be closed without further notice.  If Plaintiff is unable to serve Deputy Maxwell by the new deadline, Plaintiff may file with the Court a motion for additional time in which to serve Deputy Maxwell.  Such a motion shall be filed prior to April 20, 2012, and shall explain the efforts that Plaintiff has made in which to serve Deputy Maxwell, the reasons that service has not been accomplished, and how much additional time Plaintiff believes is necessary.[2]  Cf. Fed. R. Civ. Pro. 4(m).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Defendants' respective Rule 41(b) motions are GRANTED and the following Defendants are DISMISSED from this case:  County of Kern (including Valeta Wilde, the Kern County Counsel's Office, the Kern County District Attorney's Office, the Kern

---

[2] Based on the contents this motion, the Court will either grant or deny Plaintiff additional time.  If additional time is denied, then Deputy Maxwell will be dismissed and this case will close.

County Sheriff's Personnel Division, the Kern Medical Center), Deputy Singa, the Joint Commission Office of Quality Monitoring, Scott Michaelson, the City of Bakersfield (including the Bakersfield Police Department and the Bakersfield Police Department Communications Center), Officer Michael Johns, Officer Robert Pair, Officer Nathan McCauley, Officer Michael Malley, and Terrye Steiner;

2. The County Defendants' motion to dismiss Deputy Maxwell for violation of Rule 4(m) is DENIED;

3. Plaintiff shall serve Deputy Maxwell with process as soon as possible, but shall file with the Clerk a notice/proof of service of summons by 4:00 p.m. on April 20, 2012; and

4. The failure of Plaintiff to file either a timely notice/proof of service or summons, or a timely motion for additional time in which to accomplish service, will result in the dismissal of Deputy Maxwell and the closure of this case without further notice.

IT IS SO ORDERED.

Dated:   March 19, 2012                                    _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE