IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACLYN CORNELIA WILHITE,       )<br>                                              )<br>         Plaintiffs,              )<br>   v.                                    )<br>                                              )<br>CITY OF BAKERSFIELD, et al.,   )<br>                                              )<br>         Defendants.             )<br>_____) | 1:11-CV-1692  AWI JLT<br><br>ORDER DISMISSING DEPUTY MAXWELL AND CLOSING CASE |

On March 21, 2012, the Court granted various Defendants' Rule 41 motions and dismissed all but one Defendant.  Doc. No. 64.  The Court denied Defendants' motion to dismiss Deputy Maxwell under Rule 4(m).  See id.  Although Deputy Maxwell had not been served within 120 days of the filing of the complaint in federal court, the Court ordered Plaintiff to serve Deputy Maxwell as soon as possible and gave Plaintiff until 4:00 p.m. on April 20, 2012, in which to file a notice/proof of service of summons.  See id.  As part of the March 21 order, the Court warned Plaintiff: "The failure of Plaintiff to file either a timely notice/proof of service of summons, or a timely motion for additional time in which to accomplish service, will result in the dismissal of Deputy Maxwell and the closure of this case without further notice."  Id.  The Court also indicated that, if the Court denied a motion for additional time in which to serve Deputy Maxwell with process, Deputy Maxwell would remain subject to dismissal.  See id.

On April 18, 2012, the Court denied Plaintiff's motion for an extension of time in which to serve Maxwell.  See Doc. No. 68.  The Court stated that the 4:00 p.m. April 20, 2012, deadline to serve Deputy Maxwell remained in place.  See id.

On April 20, 2012, Plaintiff did not file a proof of service as ordered.

Rule 4(m) reads in pertinent part: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m).

Here, the Court has already extended the 120 day deadline in which to serve Deputy Maxwell.  Plaintiff has neither shown good cause for the failure to serve Deputy Maxwell or that service has been accomplished.  In accordance with the Court's March 21 and April 18 orders, and as per Rule 4(m), the Court must dismiss Deputy Maxwell from this case.  Since Deputy Maxwell was the last remaining defendant, the Court will also close the case.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Deputy Maxwell is DISMISSED from this case without prejudice; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   April 20, 2012

CHIEF UNITED STATES DISTRICT JUDGE

2